HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAGEN A. MCCLUEY,

    Plaintiff,

    v.

SKAGIT COUNTY PUBLIC HOSPITAL DISTRICT NO. 1,

    Defendant.

CASE NO. 2:17-cv-01784

ORDER

This matter comes before the court on Plaintiff's motion for default judgment. Dkt. # 10. The Court, having reviewed the motion and the record herein, **GRANTS** the motion and directs the clerk to enter default judgment as directed at the conclusion of this order.

## BACKGROUND

Defendant employed Plaintiff from October 13, 2015 to October 10, 2016 as a Remote Certified Professional Coder. Dkt. # 1 at 2. Plaintiff suffers from epilepsy and sometimes experiences seizures, but neither of these conditions prevented Plaintiff from working as a coder. *Id.* at 2–3. On September 14, 2016, Plaintiff suffered nine grand mal seizures and required hospitalization for forty-eight hours. *Id.* Because of Plaintiff's tenuous medical condition, Plaintiff's doctor restricted her from driving and leaving her home state of Montana. *Id.* On September 22, 2016, Defendant instructed Plaintiff to report to Defendant's office in Mount Vernon, Washington, on October 10, 2016 for a

ORDER – 1

minimum of six months. *Id*. Plaintiff requested an accommodation from Defendant because of her medical condition, but Defendant did not grant any deviation from its instruction to report to the Mount Vernon office. *Id*. On September 30, 2016, Plaintiff requested information regarding the availability of time off under the Family Medical Leave Act; Defendant responded by informing Plaintiff that she was not eligible for family medical leave. *Id.* at 4. On October 10, 2016, when Plaintiff failed to report to Defendant's Mount Vernon office as instructed, Defendant terminated her employment. *Id*.

This matter is the second of two suits filed by Plaintiff regarding the circumstances of her termination. Plaintiff filed her first complaint on August 16, 2017. *McCluey v. Skagit Valley Pub. Hosp. Dist. No. 1*, No. 17-1243 (W.D. Wash. filed Aug. 16, 2017) (*McCluey I*), Dkt. # 1. Defendant's attorney responded to that complaint by sending a letter to Plaintiff's attorneys on August 28, 2017, noting that Plaintiff failed to exhaust her administrative remedies prior to filing suit. Dkt. # 7-1 at 24–25. Plaintiff moved to voluntarily dismiss the first suit, and on October 2, 2017 the Court granted that dismissal without prejudice. *McCluey I*, Dkt. ## 6, 7. On November 29, 2017, Plaintiff commenced the current action. Dkt. # 1. Plaintiff served Defendant with a copy of the new complaint on December 21, 2017. Dkt. # 7-1 at 15. On February 1, 2018, Plaintiff petitioned the clerk for an entry of default, and on February 6, 2018, the clerk entered the default. Dkt. ## 7, 8. On February 8, 2018, Plaintiff moved for default judgment. Dkt. # 10. Defendant filed an initial notice of appearance on March, 26, 2018 but has not filed any other pleadings or motions in this case. Dkt. # 11.

**LEGAL STANDARD FOR DEFAULT JUDGMENT**

**A. Procedural Requirements for Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure (FRCP) governs the two-step process parties must follow to obtain a default judgment. *Eitel v. McCool*, 782 F.2d 1470,

ORDER – 2

1471 (9th Cir. 1986); *see also* W.D. Wash. LCR 55(b)(1). First, the party seeking relief must obtain an entry of default from the clerk. To obtain a default, the moving party must show that the defendant failed to plead or otherwise defend itself against the complaint. Fed. R. Civ. P. 55(a); W.D. Wash. LCR 55(a). Second, if the clerk enters a default, the moving party must then seek an entry of default judgment from either the clerk or the court. Fed. R. Civ. P. 55(b). The clerk is only authorized to enter default judgment when the plaintiff's claim is for a "sum certain" against a competent defendant that has not appeared in the case. Fed. R. Civ. P. 55(b)(1); W.D. Wash. LCR 55(b)(3). In all other cases, the court is the only entity authorized to enter a default judgment. Fed. R. Civ. P. 55(b)(2); W.D. Wash. LCR 55(b)(4).

Procedurally, the party seeking default judgment does not need to serve or give notice to the non-moving party if the non-moving party did not enter an appearance in the case. W.D. Wash. LCR 55(b)(4); *see also* Fed. R. Civ. P. 55(b)(2). The defaulting party's appearance in the case need not be a formal presentation to the court, but the defaulting party must at least demonstrate some "clear purpose to defend the suit." *Wilson v. Moore & Assocs., Inc.*, 564 F.2d 366, 369 (9th Cir. 1977) (holding that a defendant's letter partially responding to a plaintiff's complaint did not constitute an appearance). Conversely, if the non-moving party entered an appearance in the case, the moving party must serve and notify the non-moving party of the motion. *Id*. Merely making an appearance, though, does not immunize a defending party from an entry of default judgment if that party fails to plead or otherwise defend itself. *See, e.g., Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 690 (9th Cir. 1988) (if a defendant fails to answer a complaint within the time limits of FRCP 12, the court may enter default judgment). The appearance merely entitles the non-moving party to at least seven-days notice of the moving party's motion for default judgment. *See* Fed. R. Civ. P.

ORDER – 3

55(b)(2); W.D. Wash. LCR 55(b)(4) (extending the seven-day notice provision of the FRCP to at least twenty-one days).

**B. Substantive Requirements for Default Judgment**

A court's decision to enter a default judgment is always discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. When considering whether to exercise discretion in entering default judgments, courts consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

*Id.* at 1471–72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977). Courts must conduct a hearing to analyze damages if the moving party does not produce sufficient evidence allowing the court to accurately calculate damages. *See, e.g.*, Fed. R. Civ. P. 55(b)(2)(B); W.D. Wash LCR 55(b)(2)(A); *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.1988).

**DISCUSSION**

The record in this matter, procedurally and substantively, supports entry of default judgment.

Procedurally, the Court finds no fault with Plaintiff's motions for default and default judgment. First, Plaintiff property petitioned the clerk for an entry of default against Defendant. Defendant failed to plead or otherwise defend itself against Plaintiff's

ORDER – 4

complaint prior to the entry of default. In fact, Defendant failed to make an initial appearance in this matter until well over a month after Plaintiff's motion for default. Therefore, the clerk properly entered the default against Defendant pursuant to FRCP 55(a).

Second, Plaintiff properly petitioned the court for an entry of default judgment. The sum of damages is uncertain in this case; as a result, Plaintiff appropriately petitioned the court—and not the clerk—for default judgment. *See* Fed. R. Civ. P. 55(b). Additionally, Plaintiff was under no obligation to provide Defendant with seven-days notice of filing the motion for default judgment because Defendant made no appearance in the case prior to the motion. *See* Fed. R. Civ. P. 55(b)(2). To be sure, Defendant made an appearance in this case, but that appearance, entered over a month after Plaintiff's motion for default judgment, does not render Plaintiff's motion procedurally deficient. Even if Defendant's untimely appearance entitled it to some form of notice, that appearance alone, without additional pleadings or filings, is not enough to prevent an entry of default judgment. Defendant has not filed any pleadings or motions supplementing its initial appearance indicating a clear intent to defend the suit. Accordingly, the Court finds no procedural deficiency in Plaintiff's motion for default judgment.

Substantively, using the *Eitel* factors as a guide, the court finds that default judgment is proper in this case. *See Eitel*, 782 F.2d at 1471–72. First, taking the allegations in Plaintiff's complaint and motions as true, Plaintiff sufficiently pleaded meritorious state and federal claims. Plaintiff's pleadings allege a causal connection between Plaintiff's request for a disability accommodation and her subsequent termination. Dkt. # 1 at 5–7. Additionally, the Court does not need to conduct any hearings to calculate damages and attorney's fees; Plaintiff's submissions to the court provide sufficient evidence of these amounts. *See* Dkt. ## 10-1, 10-2.

ORDER – 5

Second, no evidence in the record suggests that Defendant's default was due to excusable neglect. The current matter is the second of two lawsuits stemming from the same underlying event. In both suits, the same attorney, Michael Brunet, represented Defendant. *See* Dkt. # 11 (Mr. Brunet's notice of appearance in the current case); Dkt. # 7-1 at 24–25 (Mr. Brunet corresponding with Plaintiff's attorneys in the first case). In the first case, Mr. Brunet corresponded with Plaintiff's attorneys and indicated willingness to accept service on Defendant's behalf. Dkt. # 7-1 at 24. After the voluntary dismissal of the first case, Plaintiff filed and served the current complaint on Defendant's Executive Secretary—an authorized agent to accept service on behalf of Defendant—on December 22, 2017. *Id.* at 15, 19. Plaintiff's attorneys also notified Mr. Brunet of the second complaint via e-mail. *Id.* at 27–41. Service of the current complaint meets both the specific requirements of the FRCP and the general requirements of the due process clause. Fed. R. Civ. P. 4(h)(1)(B) (a corporation is properly served by "delivering a copy of the summons and of the complaint to . . . any . . . agent authorized by appointment or by law to receive service of process"); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 399 U.S. 306, 314 (1950) (due process requires "notice reasonably calculated, under all the circumstances, to apprise interest parties of the pendency of the action").

The facts before the court indicate that Plaintiff properly served the current complaint on Defendant's secretary. Defendant did not answer Plaintiff's complaint within the twenty-one day time limit for responsive pleadings. Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff even went beyond what the federal rules require by also e-mailing the summons and complaint to Defendant's attorney, but Defendant still failed to answer. If a defendant "has actual or constructive notice of the filing of the action" and fails to answer, the defendant is subject to default judgment. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (citations omitted). Here, Defendant and Mr.

ORDER – 6

Brunet were on notice of the current complaint and failed to answer in accordance with the Federal Rules of Civil Procedure—this is not a case of excusable neglect.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion. Dkt. #10. The Court instructs the clerk to enter default judgment for Plaintiff in accordance with this order.

Plaintiff is entitled to damages in the following amounts:

a. Special Damages in the amount of $135,560.58 ($96,560.58 in back pay and $39,000 for three years of front pay);

b. General Damages in the amount of $271,121.16;

c. Plaintiff's reasonable attorney fees and costs in the amount of $9,814.50

For a total of $416,496.24. Plaintiff is also entitled to the interest rate on judgment pursuant to RCW 19.52.020.

DATED this 25th day of May, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7